# EXHIBIT A

FILED
4/27/2021 2:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02033

Atty No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

JOANN LIU, )
on behalf of Plaintiff and a class, )
)
Plaintiff, ) 2021CH02033
)
vs. )
)
MONARCH RECOVERY )
MANAGEMENT, INC., )
)
Defendant. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Joann Liu brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Monarch Recovery Management, Inc. ("MRM"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. Personal jurisdiction is proper because Defendant's collection letters were sent into Illinois.

4. Venue in this county is proper under 735 ILCS 5/2-102.

### PARTIES

#### Plaintiff

5. Plaintiff Joann Liu is a natural person residing in Lombard, Illinois.

#### Defendant

6. Defendant Monarch Recovery Management, Inc. is a business corporation with its

-1-

FILED DATE: 4/27/2021 2:25 PM 2021CH02033

principal place of business at 3260 Tillman Dr., Ste. 75, Bensalem, PA 19020. It does business in Illinois. Its registered agent and office is Cogency Global, Inc., at 600 South Second St., Ste. 404, Springfield, IL 62704..

7. Defendant MRM is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8. Upon information and belief, almost all of Defendant MRM's resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant MRM's revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant MRM's expenses are related to debt collection.

11. Defendant MRM describes itself as "a premier accounts receivable management company." (https://monarchrm.com/about-us/)

12. Defendant MRM is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

13. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

14. On or about May 8, 2020, Defendant MRM caused a letter vendor to send Plaintiff the letter in Appendix A.

15. The letter bears markings that are characteristic of one generated by a letter vendor. In addition, public court filings indicate that MRM uses a letter vendor.

16. In order to have the letter vendor send Plaintiff the letter in Appendix A, Defendant

had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, the terms of a settlement offer to be made to Plaintiff, and other personal information.

17. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

18. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

19. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

20. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

21. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

22. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

23. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

24. Due to Defendant's communication to this letter vendor, information about

Plaintiff is within the possession of an unauthorized third-party.

25. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

26. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

27. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

29. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

30. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS[1]

31. Plaintiff brings this action on behalf of a class.

32. The class consists of (a) all individuals in Illinois (b) with respect to whom

---

[1] Plaintiff intends to file the attached Plaintiff's Motion for Class Certification as soon as practically possible, (Appendix B), as required by *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060. Plaintiff may request leave to supplement it later.

-4-

Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

33. Plaintiff may alter the class definition to conform to developments in the case and discovery.

34. On information and belief, based on the size of Defendant's business operations and the use of form letters, the class is so numerous that joinder of all members is not practicable.

35. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii.  Such other and further relief as the Court deems proper.


                */s/ Daniel A. Edelman*
                Daniel A. Edelman

Daniel A. Edelman
David Kim
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com
Atty No. 41106

FILED DATE: 4/27/2021 2:25 PM 2021CH02033

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

FILED DATE: 4/27/2021 2:25 PM    2021CH02033

Hearing Date: 8/25/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
          Cook County, IL

FILED
4/27/2021 2:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02033

# APPENDIX A



## MONARCH
### Recovery Management, Inc.

3260 Tillman Drive, Suite 75
Bensalem, PA 19020

Toll Free: 1-844-280-6009

Change Service Requested

| Account Reference #: | |
| Monarch Reference #: | |
| Balance: | |

Make Check Payable to: Monarch Recovery

May 8, 2020

MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 986
BENSALEM, PA 19020

Joann Liu

Pay Online ACH accepted: www.monarchrm.com and click 'Make a Payment'

1

* Detach and Return Top Portion to Expedite Processing *

### ACCOUNT INFORMATION

| Date of Letter: | May 8, 2020 | Creditor: | |
| Account Reference #: | | | |
| Monarch Reference #: | | Additional Information: | PayPal Credit |
| Balance: | | | |

This is to advise you that your account has been transferred to our office for collection by ▇.

The account balance is ▇.

Unless you notify this office verbally or in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office verbally or in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. You can contact Monarch using any phone number or any address listed on this letter.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 3260 Tillman Drive, Suite 75, Bensalem, PA 19020, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

Yours truly,

MATT FITHIAN DEBT COLLECTOR
TOLL FREE 844-280-6009

Monarch Recovery Management, Inc. • 3260 Tillman Drive, Suite 75 • Bensalem, PA 19020
Toll Free 1-844-280-6009 or 1-215-281-7500 • Hours: M-TH 8am – 9pm EST, F 8am – 5pm EST

1 786265 MRM.WFD 00000294 Page 1 of 2

FILED DATE: 4/27/2021 2:25 PM   2021CH02033



FILED DATE: 4/27/2021 2:25 PM   2021CH02033



S-SFMRSA11
PCVSNT00314169 - 537540455 I28338
Return Address :
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

JOANN K LIU

PRESORT
FIRST CLASS
US POSTAGE
PAID
HOVSERVICES